**REMAND/JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-10184-GW(PLAx) | Date | March 14, 2019 |
|---|---|---|---|
| Title | *Overland Partners Sepulveda, LLC v. Starbucks Corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie E. Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Anthony J. Parascandola | Myra V. Villamor | |

**PROCEEDINGS:  PLAINTIFF OVERLAND PARTNERS SEPULVEDA, LLC'S MOTION TO REMAND [13]**

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion is GRANTED and this action is remanded to state court.

|  | : | 04 |
|---|---|---|
| | Initials of Preparer | JG |

*Overland Partners Sepulveda, LLC v. Starbucks Corp.*, Case No. 2:18-cv-10184-GW-(PLAx)
Tentative Ruling on Motion to Remand

I.   **Background**

On November 2, 2018, Overland Partners Sepulveda, LLC ("Plaintiff") filed this action in the Los Angeles County Superior Court asserting a single breach of contract claim against Starbucks Corporation ("Defendant").  *See generally* Complaint for Breach of Written Contract ("Complaint"), Docket No. 1-1.

On May 1, 2012, Plaintiff and Defendant entered into a lease (the "Lease") for the premises located at 4114 Sepulveda Boulevard, Suite A, Culver City, CA 90230.  *See id.* ¶ 5.  Section 7.4 of the Lease provided that Defendant shall defend, protect, indemnify, and hold Plaintiff harmless from and against any and all injuries, costs, expenses, liabilities, losses, damages, injunctions, suits, actions, fines, penalties and demands of any kind or nature (including court costs and reasonable attorneys' fees) arising in connection with all third party claims arising out of Defendant's conduct regarding the premises.  *See id.* ¶ 10.

Plaintiff − a defendant (along with Defendant) in the matter *Lindsay v. Overland Partners Sepulveda, LLC et al.*, Case No. 2:18-cv-01917-GW-PLA[1] − tendered its defense of that case to, and sought indemnity from, Defendant pursuant to section 7.4 of the Lease.  *See id.* ¶¶ 11, 14.  Defendant has denied Plaintiff's tender and denied indemnity, resulting in this suit.  *See id.* ¶ 15.

On December 7, 2018, Defendant removed the case to this Court based on diversity jurisdiction, alleging that Plaintiff is a citizen of California and Defendant is a citizen of Washington.  *See* Notice of Removal ¶¶ 8-10, Docket No. 1.  In its Notice of Removal, Defendant also alleged that the amount in controversy exceeds $75,000.  *See id.* ¶ 12.  Defendant stated that the actual and statutory damages in the *Lindsay* suit, including Lindsay's attorneys' fees (obtainable pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52), exceed $60,000.  *See id.* ¶ 13.  Additionally, Defendant alleges that Plaintiff requested $18,000 for its defense fees in the *Lindsay* suit.  *See id.*

On December 21, 2018, Plaintiff filed a motion to remand ("Motion"), arguing that

---

[1] Shirley Lindsay sued Plaintiff and Defendant for violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA").  Lindsay asks for statutory damages under the UCRA, reasonable attorneys' fees pursuant to both the ADA and UCRA, and injunctive relief.

1

Defendant did not provide any foundational facts for its computation of the *Lindsay* damages, nor did it offer any support in the record for the alleged $18,000 demand by Plaintiff. *See* Motion 6:17-27, Docket No. 13. In its opposition to the Motion ("Opposition"), Defendant delineates its calculation process, relying heavily on its attorney Cathy Arias' declaration to support its calculation of Lindsay's attorneys' fees. *See* Opposition 6:18-7:13, Docket No. 15; Declaration of Cathy Arias ("Arias Decl.") ¶¶ 10-13, Docket No. 15-1. Defendant also argues that Plaintiff's claim is, in effect, an improperly filed crossclaim that belongs in the *Lindsay* action under this Court's supplemental jurisdiction. *See generally* Opposition.

## II. Analysis

The Court briefly addresses Defendant's secondary contentions for why it believes that this Court has jurisdiction before addressing the issue of diversity jurisdiction.

### A. Supplemental Jurisdiction as a Basis for Removal

For a case to be removed to federal district court, the district court must have original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Supplemental jurisdiction cannot provide the original jurisdiction that is necessary to remove a case under 28 U.S.C. § 1441. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996). "In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power [necessary for removal] that exists when [supplemental] claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Peacock v. Thomas*, 516 U.S. 349, 355 (1996).

A party *may* bring a crossclaim against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action. Fed. R. Civ. P. 13(g). Crossclaims are permissive rather than mandatory, and "if such a claim is neither asserted [n]or litigated, [the] part[ies] cannot be barred from asserting it in a [later] action." *Peterson v. Watt*, 666 F.2d 361, 363 (9th Cir. 1982).

Defendant's attempt to argue that this Court should exercise supplemental jurisdiction over Plaintiff's case, without any other basis for jurisdiction, lacks merit. Plaintiff's claim was brought as a separate action from the *Lindsay* suit. As a separate action, Plaintiff's lawsuit requires an independent basis for original jurisdiction for removal. Because supplemental jurisdiction does not satisfy the original jurisdiction requirement, Defendant cannot remove this single state claim to federal court unless it is able to establish that some independent basis for federal jurisdiction

exists.

Defendant also argues that Plaintiff's case should have been brought as a crossclaim in the *Lindsay* action, allowing this Court to properly exercise supplemental jurisdiction. This argument also fails to establish a ground for federal jurisdiction. Because crossclaims are permissive, Plaintiff was not precluded from filing this state claim as a separate action. For the reasons mentioned earlier, this single state claim can only be removed if independent jurisdictional grounds exist. Here, the only independent ground Defendant has identified is diversity jurisdiction.

B. <u>Diversity Jurisdiction</u>

 1. *Procedural Standard*

For a court to have jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Where a plaintiff's complaint is silent regarding damages, the removing defendant bears the burden of establishing that the amount in controversy exceeds the jurisdictional amount by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The Ninth Circuit strictly construes the removal statute against removal jurisdiction, and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Parties may submit evidence outside the complaint when supporting or challenging removal, such as affidavits, declarations, and other summary-judgment type evidence. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Ramirez v. Benihana Nat'l Corp.*, No. 18-CV-05575-MMC, 2019 WL 131843, at *2 (N.D. Cal. Jan. 8, 2019) (holding that defendant established the amount in controversy requirement by a preponderance of the evidence where defendant relied on declarations as evidence for its calculation). A removing "defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. In some instances, assessing damages at this stage requires a chain of reasoning that includes assumptions, and "[w]hen that is so, those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* at 1199.

Additionally, for a court to have jurisdiction under 28 U.S.C. § 1332(a), the parties must be completely diverse. *See Exxon Mobil*, 545 U.S. at 553. To establish citizenship for diversity purposes, a limited liability company ("LLC") is a citizen of every state in which its members are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990); *Johnson v. Columbia Props.*

*Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). For removal purposes, diversity must exist both at the time the complaint was filed in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

2. Amount in Controversy

Defendant bases its total calculation of damages on what it believes to be (1) Lindsay's statutory damages ($8,000), (2) Plaintiff's attorneys' fees in defending *Lindsay* ($18,000) pursuant to the Lease, and (3) Lindsay's attorneys' fees (at least $82,000) pursuant to 42 U.S.C. § 12205 and Cal. Civ. Code § 52. A party may include attorneys' fees when calculating the amount in controversy where the fees are provided for by contract or a statute. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (citing *Blank v. Preventive Health Programs, Inc.*, 504 F.Supp. 416, 421 (S.D. Ga. 1980)). Defendant's inclusion of attorneys' fees is thus permissible in this instance as the fees are provided for by the Lease (as to Plaintiff's fees) and by federal and state statutes (as to Lindsay's fees).

### i. Lindsay's statutory damages

In her complaint, Lindsay asks for statutory damages under the Unruh Civil Rights Act ("UCRA"). *See Lindsay* Complaint for Damages and Injunctive Relief ("*Lindsay* Complaint") ¶ 12, 9:14-15, Docket No. 1.[2] In its Opposition, Defendant argues that Lindsay's statutory damages will be at least $8,000 if she wins her suit because she has alleged two visits to the subject location. *See* Opposition 6:16, Docket No. 15. The UCRA provides for a minimum of $4,000 in statutory damages "for each and every offense." Cal. Civ. Code § 52(a). Plaintiff does not contest Defendant's per-visit methodology. As such, the Court accepts that Defendant has established by a preponderance of the evidence that Lindsay's UCRA claim puts in controversy in this indemnity action a minimum of $8,000.

### ii. Plaintiff's attorneys' fees in defending *Lindsay*

Defendant also asserts that Plaintiff previously demanded $18,000 in attorneys' fees as Plaintiff's defense costs in the *Lindsay* action. *See* Opposition 7:14-15; Arias' Decl. ¶ 8 ("As a part of its demand for defense and indemnification, Overland made a demand for fees and costs defending the *Lindsay* ADA Action in the amount of $18,000."). However, in both its Motion and its reply to the Opposition ("Reply"), Plaintiff rejects having ever made this demand. *See* Motion

---

[2] This document can be found in the docket for *Lindsay*, Case No. 2:18-cv-01917-GW-PLA.

6:17-20, 7:20-22; Reply 4:9-10, Docket No. 20 ("To the contrary, Overland has made clear in the Motion for Remand that it has not valued its claim or made a demand to Starbucks for $18,000."); Declaration of Anthony Parascandola ¶ 5, Docket No. 13-1 ("Although Starbucks claims that Overland Partners is seeking $18,000 as defense costs, there is no foundation or support for this number."). Arias does not quote anyone or provide any documentation to support her declaration, and Defendant has not provided any additional support for its assertion. With the evidence in equipoise on this point, this issue becomes one of persuasiveness. In this regard, the Court is not persuaded by Defendant's unwillingness or failure to attribute this statement to any individual or document, or to provide any documentary evidence of it. As such, the Court finds that Defendant has not established any particular amount of Plaintiff's attorneys' fees in *Lindsay* by a preponderance of the evidence.

### iii. *Lindsay's attorneys' fees*

Lastly, Defendant argues that Lindsay's attorneys' fees alone satisfy the amount in controversy requirement. *See* Opposition 7:11-13. Defendant claims that Lindsay's attorneys would have spent 200 to 250 hours on that litigation at a billing rate between $410 and $600. In coming up with an hourly rate range of $410 to $600, Defendant relied on Arias' experience with Lindsay's counsel. *See id.* 6:26-7:6. In a declaration, Arias stated that she was very familiar with the rates charged by Lindsay's counsel because those same attorneys allegedly represent various plaintiffs in approximately 53 cases against Defendant in federal court. *See id.* 7:2-4; Arias Decl. ¶¶ 10-11. To justify its range of 200 to 250 hours, Defendant looked to the amount of time *Defendant's* attorneys have put into defending the *Lindsay* and *Overland* actions (more than 250 hours), *see* Arias Decl. ¶ 12, and on the activities engaged in by all parties to the *Lindsay* suit thus far. *See* Opposition 6:20-25. Using the lower end of each range, Defendant came up with a figure of $82,000. *See* Opposition 7:6-8.

The Court concludes Defendant has adequately supported the billing rates Defendant has provided, given that the Arias Decl. is under penalty of perjury and the declarant has personal knowledge of Lindsay's counsel's rates. However, in the Court's opinion, the number of hours selected by Defendant is wholly speculative. First, the Arias Decl. stated that the expended hours related to Defendant's attorneys' work on *both* the *Lindsay* and *Overland* cases, *see* Arias Decl. ¶ 12, so the Court would have to speculate as to how many of those 250+ hours Defendant's attorneys spent on the *Lindsay* action alone. Second, the amount of hours parties spend on a

5

specific action is not necessarily equal. Defendant attempted to boost its estimate by listing the activities engaged in by the litigants thus far, but different parties may spend varying hours on these tasks.

Courts have found attorneys' fees calculations to be speculative in cases with similar circumstances. *See Clark v. Chartis Glob. Serv., Inc.*, No. CV1102155MMMVBKX, 2011 WL 13220406, at *4 (C.D. Cal. July 29, 2011) (holding that the 40 hours suggested by defendant were speculative where defendant set forth tasks plaintiff's counsel may have performed, but did not estimate the amount of time each specific task took); *see also Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1200 (N.D. Cal. 1998) (holding that the 80 hours suggested by defendant were speculative where defendant detailed the tasks plaintiff's counsel will have to complete, but did not estimate how long each task will take). Like the defendants in *Clark* and *Conrad*, Defendant simply picked what it thinks to be a reasonable number of hours and listed tasks that it believes would have been undertaken. However, because Defendant has failed to show why 200 hours would be a reasonable amount of time for *Lindsay's attorney* to complete these tasks, such as by breaking down the amount of time Defendant believes each task should have taken Lindsay's attorney, this estimation is purely speculative.

Defendant relies on *Garcia v. ACE Cash Express, Inc.*, No. SACV14-0285-DOC, 2014 WL 2468344 (C.D. Cal. May 30, 2014) to support its method of calculation, but this reliance is insufficient for two reasons. First, *Garcia* calculates *future* attorneys' fees. Future attorneys' fees can be accounted for when calculating the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). However, this rule does not apply here because Defendant has only attempted to establish costs that had already been incurred at the time of removal. Even if Defendant had included future attorneys' fees in its calculation, such fees would only have made Defendant's calculation more speculative. Second, the *Garcia* court relied on rates and hours that are typical specifically for employment actions. Defendant has failed to provide this Court with any evidence of whether 200 hours is typical and reasonable in a case factually similar to *Lindsay*, a seemingly straightforward ADA/UCRA suit.

The Court would have to rely on mere speculation to arrive at the conclusion Defendant suggests – speculation that would yield attorneys' fees that are more than four times the amount of fees Plaintiff allegedly claimed for defending the same suit ($18,000). Because Defendant's basis for jurisdiction is predominantly dependent on its estimation of Lindsay's attorneys' fees,

the Court finds that Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000.

        3. *Diversity of Citizenship*

Putting aside Defendant's deficient amount-in-controversy showing, Defendant also failed to allege the citizenship of every member of Plaintiff, an LLC. Defendant merely asserted that Plaintiff is a resident of the state of California residing in Los Angeles County, and is therefore a California citizen. *See* Notice of Removal ¶ 9. However, this statement does not demonstrate any appreciation that Plaintiff is an LLC or that, as a consequence, Defendant must account for the citizenship of each of Plaintiff's members.

## III. Conclusion

The Court would grant Plaintiff's motion to remand.